IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:06-CV-367-DF |
| § | |
| MICROSOFT CORPORATION, § | |
| § | |
| Defendant. § | |

**O R D E R**

Before the Court is Plaintiff's Motion for Leave to Serve Amended Infringement Contentions Under P.R. 3-6(b). Dkt. No. 57. Also before the Court is Defendant's response, Plaintiff's reply, and Defendant's sur-reply. Dkt. Nos. 59, 61 & 66, respectively. The Court held a hearing on August 21, 2007. Having considered all the relevant papers and pleadings, the Court finds that Plaintiff's motion should be **GRANTED**.

**I.  BACKGROUND**

Plaintiff brings this patent infringement suit alleging infringement of United States Patent Nos. 5,822,523 (the "'523 Patent") and 6,226,686 (the "'686 Patent"), which are both titled "Server-Group Messaging System for Interactive Applications." Complaint, Dkt. No. 1 at ¶¶ 10-12. Defendant denies Plaintiff's allegations of infringement and asserts the defenses of non-infringement, invalidity, lack of ownership, and inexcusable delay. Answer, Dkt. No. 19 at 3-4. Defendant counterclaims for declaratory judgment of non-infringement and invalidity. *Id.* at 5-7.

**II.  THE PARTIES' POSITIONS**

Plaintiff moved to amend its infringement contentions on June 22, 2007. Dkt. No. 57.

Plaintiff served its Patent Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions on January 22, 2007.[1] Dkt. No. 57, Decl. of K. Srivinsan at Ex. A. Defendants produced source code for one of several accused video games and software development kits for its Xbox console on March 8, 2007. Dkt. No. 57 at 3. On April 19, 2007, Plaintiff took 30(b)(6) depositions on technical issues relating to the produced source code. *Id.* at 4. Plaintiff also requested additional, undisclosed source code, which Defendant has purportedly failed to produce. *Id.* at 4-5. Plaintiff argues that leave to amend should be granted since its proposed amended infringement contentions "do not import new claims or new accused products" but rather "outline in greater detail the basis for [Plaintiff's] claims of infringement." *Id.* at 9.

Defendant responds that Plaintiff's attempt to amend its infringement contentions is inappropriate at this late date. Dkt. No. 59 at 1. Defendant argues that it produced informal discovery in November and December of 2006 and that Plaintiff's original infringement contentions do not cite a single document or file from that production. *Id.* at 3-5. Defendant also submits that claim construction discovery closed on June 6, 2007. *Id.* at 6. Defendant claims that rather than merely containing "more detail," Plaintiff's proposed amended infringement contentions advance "entirely different legal theories" by adding "digitized voice data" and removing its "hundreds of servers" theory. *Id.* at 12-13. Defendant argues that the amendment would prejudice its ability to argue claim construction. *Id.* at 13-14.

Plaintiff replies that Defendant's early production in late 2006 "did not include the source

---

[1] As of October 27, 2006, the Eastern District of Texas has amended the Local Patent Rules to remove the term "preliminary" in reference to infringement and invalidity contentions. General Order 06-15, Amending Local Rules (E.D. Tex. 2006) *available at* http://www.txed.uscourts.gov/Rules/GeneralOrders/GeneralOrders.htm. P.R. 3-6 now provides that contentions are final, unless amendment is permitted.

code required to understand how games handle message traffic." Dkt. No. 61 at 1. Plaintiff also notes that this production was made pursuant to limited conditions. *Id.* at FN1. Plaintiff argues that the volume and complexity of the source code required time-consuming analysis, purportedly made more difficult by Defendant's omission of certain Halo 2 source code files. *Id.* at 4. Plaintiff also argues that Defendant has failed to show any prejudice, reiterating that "the theory of the case and the accused products have not changed." *Id.* at 5.

Defendant objects to Plaintiff's explanation for delay and claims that grant of the amendment at this stage, when claim construction briefing has already started "will essentially take this case back to square one." Dkt. No. 66 at 2. Defendant also submits that it did not hide or omit any Halo 2 networking source code. *Id*. at 2-3.

### III. LEGAL PRINCIPLES

"The Patent Rules 'demonstrate high expectations as to plaintiff's preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.'" *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d. 815, 817 (E.D. Tex. 2006) quoting *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). "Local Patent Rules should not conflict with ... the discovery provisions of the Federal Rules of Civil Procedure." *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp.2d 896, 899 (E.D. Tex. 2006). Under the Federal Rules of Civil Procedure, litigants "[rely] on discovery and pretrial hearings to gradually identify the precise issues in dispute as more information [becomes] available." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (citations omitted). Therefore, in deciding whether to grant amendment of infringement contentions, the need for early identification of infringement claims and theories

must be balanced with the right to develop new information in discovery. *See Id*.

Local Patent Rule 3-6(b) provides that a party may amend its infringement contentions "by order if the Court, which shall only be entered upon a showing of good cause." P. R. 3-6(b). Trial courts should consider the following factors when making a determination of whether to grant amendment:

> (1) The length of the delay and its potential impact on judicial proceedings; (2) The reason for the delay, including whether it was within the reasonable control of the movant; (3) Whether the offending part was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent; (4) The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and (5) The danger of unfair prejudice to the non-movant.

*Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp.2d 884, 888 (E.D. Tex. 2007) citing *O2 Micro Int'l Ltd.*, 467 F.3d at 1366.

## IV. DISCUSSION

**A. Plaintiff's diligence and explanation for delay**

It is undisputed that Plaintiff received important technical documents, such as source code and software development kits from Defendant on March 8, 2007 and conducted 30(6) depositions of Defendant's representatives on technical issues on April 19, 2007, which was after Plaintiff's infringement contentions were due. This information could not have been incorporated into its original infringement contentions, since it was not publicly available information. *See Am. Video Graphics v. Elec. Arts, Inc.*, 359 F. Supp. 2d at 561 ("Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code

and not the code itself."). Although the Defendant argues that it produced "confidential descriptions of all of the network functions provided by the Xbox game console software" in November 2006 (Dkt. No. 59 at 3), this production was "not intended to provide materials for the purpose of discovery in this case." Dkt. No. 61, Decl. of K. Srinivasan at Ex. A. Therefore, Plaintiff is justified in omitting such materials from its original infringement contentions. As for the Software Development Kits for both the Xbox 360 and Xbox game consoles produced on December 29, 2006, these materials were not produced with the same limitations. Nevertheless, the Court finds that this omission can be excused, given that it was only three weeks before the Plaintiff's infringement contentions were due and that Plaintiff was still in its preliminary stages of analysis.

Plaintiff was subsequently diligent in reviewing and analyzing these materials to refine its infringement analysis. Given the quantity and complexity of the materials produced,[2] the Court finds that Plaintiff expended reasonable efforts to complete its analysis in a timely manner. *See Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp. 2d at 888 ("Given the delayed production and the size of the production, it is not unreasonable that [Plaintiff] seeks to amend its infringement contentions at this time.") Defendant argues that Plaintiff has failed to show diligence in seeking to amend since Plaintiff filed the current motion on June 22, 2007, which was more than two months after technical depositions and over three months after it received the

---

[2] "The production consisted of at least 3166 pages of C++ source code and 277 source code files that cross referenced each other ... [Defendant] also produced software development kits for its Xbox game console." Dkt. No. 57 at 3. "The 277 source code files consist of more than 3,000 pages of object-oriented code, which involves extensive calling of subroutines from one file to another. The cross-referencing between the source code files also added to the difficulty of reverse engineering the code in order to understand the logic behind the operation of the software." *Id.* at 3-4.

source code for one of the accused products.  Dkt. No. 59 at 1.  However, in the months following the production, Plaintiff continued to inquire as to what it perceived to be missing files that were key to its analysis.[3]

Therefore, the Court finds that the Plaintiff has adequately explained its failure to meet the deadline and holds that this factor weighs in favor of the Plaintiff.

### B. Importance of Plaintiff's amended infringement contentions

Plaintiff claims that the amended charts "outline in greater detail the basis for [Plaintiff's] claims of infringement against [Defendant's] accused devices and infringing games."  Dkt. No. 57 at 9.  Plaintiff asserts that such additional detail serves the important objective of providing notice to Defendant.  *Id*.  Additionally, the parties are in agreement that Plaintiff's amended infringement contentions abandons the theory that the games are hosted by a server operated by the Defendant.  Consequently, the amended contentions remove a major area of dispute–this removes a set of disputed terms in claim construction, allowing the parties and the Court to focus their resources on other matters in the case.  *See Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp.2d at 899.  Thus, this factor weighs in favor of granting Plaintiff's motion to amend.

### C. Danger of unfair prejudice to Defendant

Plaintiff's amended infringement contentions do not add new infringement claims or accuse new products.  Although Defendant argues that Plaintiff seeks to replace its contentions with new infringement theories, it does not appear that Plaintiff is attempting a "wholesale re-writing" of its contentions.  Dkt. 61 at 2.  Instead it appears that Plaintiff is mainly narrowing its

---

[3] "On May 29, 2007, Paltalk requested that Microsoft provide the key source code files along with access to certain portions of its software development kit ... Paltalk requested this information again from Microsoft on June 12, 2007." Dkt. No. 57.

infringement theories after it had the opportunity to analyze all technical materials produced. Where Plaintiff originally contended that games were hosted by either a server maintained by Microsoft, or an Xbox game console acting as the "server," Plaintiff eliminates the server theory and concentrates on the console. Such fine-tuning of Plaintiff's infringement theories do not prejudice Defendant. To the extent that Plaintiff's focus on the Xbox game console alters their infringement theories, Defendant is not prejudiced since Defendant was in possession of the materials they later produced to Plaintiff and had knowledge of what further discovery would reveal.[4] Additionally, as to the example of "the combination of voice data and game data," Plaintiff could not have included in it the original infringement contentions since this was only understood after the studying the source code, which was available to Defendant at all times. More importantly, Plaintiff provided notice to Defendant in their original 3-1 disclosures[5] and attached infringement charts[6] that they would be seeking to amend their infringement contentions after software discovery.

---

[4] Defendant states that "Microsoft further explained to Paltalk in telephone conferences that the Xbox Live system does not host games: any 'server' operations for game play must be provided by the video game itself." Dkt. No. 59 at 5. Plaintiff did not have the means nor time to confirm such operation until further discovery.

[5] "PalTalk has had very limited access to Microsoft materials at this point, and certain information is not yet available to PalTalk that is fundamental to its infringement claims. For example, PalTalk does not currently have access to game software for the Xbox game consoles or software for Microsoft's online services." Dkt. No. 57, Ex. A at 1.

[6] Dkt. No. 57, Ex. A, Attachment A at 4-5 and 8-10, Attachment B at 2, 6, 8, 10, 14, 16, 20, 22, 23, 27, 29-31, 35, 37-38, 42, 45. *See eg.* Attachment A at 4 ("The limitations 'said server communicating with said plurality of host computers using said unicast network and maintaining a list of message groups, each message group containing at least one host computer' are software limitations, and software discovery will be necessary to identify the specific software routines that carry out these limitations.").

Defendant claims that it will be prejudiced since claim construction briefing has already started. Dkt. No. 59 at 13-14. The Court notes that as of the date of this order, both sides have fully briefed their claim construction positions. Dkt. Nos. 56, 58, 60 & 67. The claim construction discovery has also closed on June 6, 2007. However, Defendant omits to mention how the amended infringement contentions will alter the claim construction terms or positions, or whether amendment necessitates any discovery. Moreover, the claim construction hearing has been continued from September 11, 2007 to January 2008 and the final pretrial conference has been continued from March 2008 to October 2008.[7] Dkt. No. 69. Therefore, Defendants have sufficient time to give due consideration to any effects Plaintiff's amended infringement contentions may have on claim construction.

Thus, the Court finds that Defendant will not suffer unfair prejudice as a result of an amendment and holds that this factor weighs in favor of granting the amendment.

### IV.  CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Leave to Serve Amended Infringement Contentions under P.R. 3-6(b) (Dkt. No. 57) is hereby **GRANTED**.

**SIGNED this 13th day of September, 2007.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

---

[7] At the hearing on August 21, 2007, Plaintiff's counsel stated its intention to move for continuance of the claim construction hearing and suggested October as the alternative date. Defendant's counsel indicated its preference to keep the original schedule, but did not oppose the continuance. Due to the Court's schedule, the hearing was reset to the earliest date the Court was available, January 16-17, 2008. Both parties acknowledged that the March 2008 trial date was not feasible and agreed to resetting trial for October 2008. Dkt. No. 69.