**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 2:06cv367-DF** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **MICROSOFT CORP.,** | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**JOINT FINAL PRE-TRIAL ORDER**

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF EXHIBITS ................................................................................ iii

A.   COUNSEL FOR THE PARTIES ........................................................ 1

Plaintiff ............................................................................................ 1

Defendant ........................................................................................ 2

B.   STATEMENT OF JURISDICTION .................................................... 3

C.   NATURE OF ACTION ...................................................................... 3

D.   CONTENTIONS OF THE PARTIES .................................................. 3

Plaintiff's Contentions .................................................................... 3

Defendant's Contentions ................................................................ 4

E.   STIPULATIONS AND UNCONTESTED FACTS ............................... 6

F.   CONTESTED ISSUES OF FACT AND LAW ...................................... 6

Plaintiff's Contested Issues ............................................................ 6

Defendant's Contested Issues ........................................................ 7

Defendant's Issues of Fact ........................................................ 7

Defendant's Issues of Law ........................................................ 10

G.   LIST OF WITNESSES ...................................................................... 11

Plaintiff ............................................................................................ 11

Defendant ........................................................................................ 11

A.   Witnesses Who Will Be Called To Testify At Trial ................... 11

B.   Witnesses Who May Be Called To Testify At Trial ................... 12

C.   Witnesses Who May Be Presented By Deposition Testimony At Trial ................... 12

H.   LIST OF EXHIBITS ........................................................................ 12

I.   JURY INSTRUCTIONS .................................................................... 13

J.   LIST OF ANY PENDING MOTIONS ................................................ 13

Plaintiff's Motions .......................................................................... 13

i

       Defendant's Motions ................................................................................................ 13

K.      PROBABLE LENGTH OF TRIAL .......................................................................... 13

L.      MANAGEMENT CONFERENCE LIMITATIONS ................................................. 13

M.    CERTIFICATIONS .................................................................................................. 14

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| Exhibit A | PalTalk's Witness List |
| Exhibit B | PalTalk's Deposition Designations |
| Exhibit C | Microsoft's Deposition Designations |
| Exhibit D | PalTalk's Exhibit List |
| Exhibit E | Microsoft's Exhibit List |
| Exhibit F | PalTalk's Proposed Preliminary Jury Instructions |
| Exhibit G | PalTalk's Proposed Post-Trial Jury Instructions |
| Exhibit H | PalTalk's Proposed Verdict Form |
| Exhibit I | Microsoft's Proposed Preliminary and Final Jury Instructions |
| Exhibit J | Microsoft's Proposed Verdict Form |

884510v1/009389

This case came before the Court at an initial pre-trial conference held on February 12, 2009 and a final pre-trial conference held on March 5, 2009 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

## A.    COUNSEL FOR THE PARTIES

Plaintiff:

Max L. Tribble, Jr.
Texas State Bar No.:  20213950
Email:  mtribble@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366

David C. Marcus
CA State Bar No. 158704
Email:  dmarcus@susmangodfrey.com
Kalpana Srinivasan
CA State Bar No. 237460
Email:  ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:  (310) 789-3126

Brooke A.M. Taylor
WA State Bar No. 33190
Email:  btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Telephone:  (206) 516-3880

Michael F. Heim
Texas State Bar No.: 09380923
Southern District of Texas Bar No.: 8790
Email: mheim@hpcllp.com
Douglas R. Wilson
Texas State Bar No.: 24037719
Southern District of Texas Bar No.: 16995
Email: dwilson@hpcllp.com
Micah J. Howe
Texas State Bar No.:24048555
E-mail:  mhowe@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800

1

Otis W. Carroll, Jr.
State Bar No. 03895700
Email: fedserv@icklaw.com
IRELAND CARROLL & KELLEY, P.C.
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600

T. John Ward, Jr
LAW OFFICE OF T. JOHN WARD, JR.
P.C.
111 W. Tyler Street
Longview, Texas 75601
Phone(903)757-6400
TollFree(866)305-6400
Email: jw@jwfirm.com

Defendant:

David T. Pritikin
*Admitted Pro Hac Vice*
Email: dpritikin@sidley.com
Richard A. Cederoth
*Admitted Pro Hac Vice*
Email: rcederoth@sidley.com
Thomas D. Rein
*Admitted Pro Hac Vice*
Email: trein@sidley.com
Laura L. Donoghue
*Admitted Pro Hac Vice*
Email: ldonoghue@sidley.com
Nabeel U. Khan
*Admitted Pro Hac Vice*
Email: nkhan@sidley.com
John W. McBride
*Admitted Pro Hac Vice*
Emaill: jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: 312.853.7000
Fax: 312.853.7036

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
Robert M. Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
Andrew Thompson Gorham
Email: tgorham@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535

G. William Lavender
Texas State Bar No. 11999590
Email: blav@lavenderlaw.com
Lavender Law
210 N. State Line Ave., Suite 503
Texarkana, AR 71854
Tel: 870.773.3187
Fax: 870.773.3181

Harry Lee Gillam, Jr
Texas State Bar No. 07921800
Email: gil@gillamsmithlaw.com
Melissa Richards Smith
Texas State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257

Stacy Quan
*Admitted Pro Hac Vice*
Email: stacyq@microsoft.com
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399
425/882-8080
Fax: 425/936-7329

2

## B.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. This Court has personal jurisdiction over all the Parties.

Venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## C.    NATURE OF ACTION

This is an action for infringement of Plaintiff PalTalk's patents wherein PalTalk will seek to prove that Defendant Microsoft infringed eight asserted claims of United States Patent Nos. 5,822,523 (the '523 patent) and 6,226,686 (the '686 patent). PalTalk will also seek to demonstrate that Microsoft's infringement was and is willful and that this is an exceptional case. PalTalk seeks damages to compensate for Microsoft's infringement, in an amount no less than a reasonable royalty; as well as, attorneys' fees, costs and enhancement of damages.

## D.    CONTENTIONS OF THE PARTIES

Plaintiff's Contentions:

1.    PalTalk contends that Microsoft infringes one or more claims of the '523 patent and '686 patent.

2.    PalTalk contends that Microsoft's infringement is and has been willful.

3.    PalTalk contends that the '523 patent and '686 patent are presumed valid, and that Microsoft has failed to prove invalidity by clear and convincing evidence.

4.    PalTalk contends that Microsoft received actual and constructive notice of PalTalk's patents, prior to the filing of this lawsuit, and thereafter infringed PalTalk's patents. PalTalk further contends that Microsoft "recklessly disregarded the possibility" that it was infringing PalTalk's patents. PalTalk seeks enhanced damages for willful infringement.

3

884510v1/009389

5.    PalTalk contends that it is entitled to damages adequate to compensate for Microsoft's infringement, in an amount no less than a reasonable royalty for the use made of the invention by Microsoft.

6.    PalTalk contends that, unless enjoined, Microsoft will continue to infringe '523 patent and '686 patent, and an injunction to prevent Microsoft's continued infringement is warranted.

7.    PalTalk contends that this is an exceptional case entitling PalTalk to attorneys' fees.

Defendant's Contentions:

Microsoft contends that no authorized use of Xbox (original and 360) consoles, asserted games, and the Xbox Live Service practice the methods claimed in the asserted claims. Plaintiff cannot meet its burden of proving that an accused combination literally practices each and every step of any of the asserted claims. And Microsoft does not induce or contribute to any alleged infringement performed by players.

Microsoft contends that claims 1 and 6 of the '523 patent and claims 1, 3, 5, 12, 14, and 18 of the '686 patent are invalid as anticipated by the prior art; invalid as obvious in light of the prior art; invalid as not adequately enabled; and invalid as lacking a sufficient written description of the claimed invention.

Microsoft contends that the resulting operation of the system of the '523 and '686 patents with the combined features would have been predictable and expected to one of ordinary skill in the art in the early to mid 1990's. There is nothing surprising or innovative—much less unpredictable—about the resulting combination.

Microsoft contends that several patents, publications, public uses, and inventions of the mid-1990s rendered the claims of the '523 and '686 patents obvious. Microsoft further contends that the level of skill was high and that a person of skill in the art would have had a broad and

4

deep understanding of network and packet design.

Microsoft contends that two early computer games—Netrek and TinyMUD—anticipate the asserted claims. Netrek is a prior art multi-player computer game, played over the Internet, that practices each limitation of every asserted claim except claim 5 of the '686 patent. As a result, Netrek invalidates every asserted claim except claim 5. TinyMUD is a prior art multi-player computer game, played over the Internet, that practices each limitation of claim 5 of the '686 patent. TinyMUD invalidates claim 5 of the '686 patent. Together, these references practiced every asserted claim more than one year prior to the filing date of the patents. Not only were these games widely played before more than one year before the filing dates, but the source code, describing the functionality of each game, was publicly available and widely distributed more than one year before the filing dates. The availability of these games and their source code render each asserted claim anticipated and obvious.

Microsoft contends that Plaintiff's claim for injunctive relief from the alleged infringement is barred because Plaintiff neither manufactures nor sells any product using the inventions disclosed in the asserted patents. Further, the accused functionality constitutes an insignificant portion of the overall technology used. As such, equity does not support Plaintiff's claim for injunctive relief.

Even if Plaintiff could show that Microsoft committed infringement, Plaintiff cannot show that Microsoft's infringement was willful. Regardless of any actions taken by those playing the games, Microsoft respects the intellectual property of others and never intended anyone to infringe any patents. In fact, Microsoft first learned that the asserted patents existed only after Plaintiff filed this lawsuit against Microsoft. And even then, after filing this lawsuit, Plaintiff did not seek a preliminary injunction to enjoin the sales of the Xbox console, paid Xbox Live subscriptions, or the asserted games. In any event, the defenses raised by Microsoft in this

suit are not frivolous. Plaintiffs cannot meet its burden to show that it is highly probable Microsoft acted objectively reckless toward the possibility of infringement.[1]

Microsoft contends that if damages are awarded, a reasonable royalty should be no more than a lump sum amount of $600,000.

Lastly, Microsoft has asked for and should be granted a declaratory judgment that it does not infringe any claims of the asserted patents and that the asserted claims of the patents are invalid under Title 35, United States Code.

## E.    STIPULATIONS AND UNCONTESTED FACTS

1.    United States Patent 5,822,523 (the '523 patent), entitled "Server-Group Messaging System for Interactive Applications" was issued by the United States Patent and Trademark Office on Oct. 13, 1998.

2.    The application which issued as the '523 patent was filed on Feb. 1, 1996.

3.    United States Patent 6,226,686 (the '686 patent), entitled "Server-Group Messaging System for Interactive Applications" was issued by the United States Patent and Trademark Office on May 1, 2001.

4.    The application which issued as the '686 patent was filed on September 28, 1999 as a continuation of the '523 patent application and thus is entitled to an effective filing date of February 1, 1996.

5.    Plaintiff PalTalk Holdings, Inc. is a Delaware company with its principal place of business at 120 Broadway, 34th Floor, New York, NY 10271-0002.

## F.    CONTESTED ISSUES OF FACT AND LAW

Plaintiff's Contested Issues:

---

[1] This paragraph is only necessary if the Court denies Microsoft's pending motion for partial summary judgment on willfulness (Dkt. No. 121).

1.    Whether Microsoft infringes the '523 and '686 patents.

2.    Whether the '523 and '686 patents are invalid.

3.    Whether Microsoft's infringement was willful, thus entitling PalTalk to enhanced damages.

4.    Whether PalTalk is entitled to damages to compensate for Microsoft's alleged infringement and if so the amount of such damages.

5.    Whether PalTalk is entitled to an injunction should Microsoft be found to have infringed PalTalk's patents.

Defendant's Contested Issues:

Defendant's Issues of Fact

1.    Whether claim 1 of the '523 patent is invalid under 35 U.S.C. § 102 as anticipated?

2.    Whether claim 1 of the '523 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

3.    Whether claim 1 of the '523 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

4.    Whether claim 1 of the '523 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

5.    Whether claim 6 of the '523 patent is invalid under 35 U.S.C. § 102 as anticipated?

6.    Whether claim 6 of the '523 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

7.    Whether claim 6 of the '523 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

8.    Whether claim 6 of the '523 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

9.    Whether claim 1 of the '686 patent is invalid under 35 U.S.C. § 102 as anticipated?

10.    Whether claim 1 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

11.    Whether claim 1 of the '686 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

12.    Whether claim 1 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

13.    Whether claim 3 of the '686 patent is invalid under 35 U.S.C. § 102 as anticipated?

14.    Whether claim 3 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

15.    Whether claim 3 of the '686 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

16.    Whether claim 3 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

17.    Whether claim 5 of the '686 patent is invalid under 35 U.S.C. § 102 as anticipated?

18.    Whether claim 5 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

19.    Whether claim 5 of the '686 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

20.    Whether claim 5 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

21.    Whether claim 12 of the '686 patent is invalid under 35 U.S.C. § 102 as anticipated?

22.    Whether claim 12 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

23.  Whether claim 12 of the '686 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

24.  Whether claim 12 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

25.  Whether claim 14 of the '686 patent is invalid under 35 U.S.C. § 102 as anticipated?

26.  Whether claim 14 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

27.  Whether claim 14 of the '686 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

28.  Whether claim 14 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

29.  Whether claim 18 of the '686 patent is invalid under 35 U.S.C. § 102 as anticipated?

30.  Whether claim 18 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

31.  Whether claim 18 of the '686 patent is invalid under 35 U.S.C. § 112 as lacking adequate written description?

32.  Whether claim 18 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

33.  What was the level of ordinary skill in the art as of February 1, 1995?

34.  Whether individual users, who are not Microsoft employees, directly infringed any valid, asserted claim?

35.  Whether Microsoft knowingly induced any individuals to directly infringe any valid, asserted claim?

Defendant's Issues of Law

1.      Whether claim 1 of the '523 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

2.      Whether claim 1 of the '523 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

3.      Whether claim 6 of the '523 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

4.      Whether claim 6 of the '523 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

5.      Whether claim 1 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

6.      Whether claim 1 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

7.      Whether claim 3 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

8.      Whether claim 3 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

9.      Whether claim 5 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

10.     Whether claim 5 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

11.     Whether claim 12 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

12.    Whether claim 12 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

13.    Whether claim 14 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

14.    Whether claim 14 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

15.    Whether claim 18 of the '686 patent is invalid under 35 U.S.C. § 103 as obvious (legal conclusion with underlying factual findings)?

16.    Whether claim 18 of the '686 patent is invalid under 35 U.S.C. § 112 as not enabled (legal conclusion with underlying factual findings)?

17.    Whether this is an exceptional case?

18.    Whether any actual damages awarded in this case should be enhanced?

19.    Whether an injunction should be entered and the scope of such an injunction?

20.    Whether attorney fees should be awarded to Microsoft in this case?

**G.    LIST OF WITNESSES**

<u>Plaintiff:</u>

PalTalk's witness list is appended hereto as Exhibit A. For the Court's convenience, PalTalk's deposition designations are appended here to as Exhibit B .

<u>Defendant:</u>

**Microsoft case-in-chief**

**A.    <u>Witnesses Who Will Be Called To Testify At Trial</u>**

1.    John K. Bennett (expert witness)

2.    Cate M. Elsten (expert witness)

3.    Christopher Butcher

4.    Tony Chen

11

     5.       Peter Isensee

     6.       Bill Nielsen

**B.**    **<u>Witnesses Who May Be Called To Testify At Trial</u>**

     1.       William Harmon

     2.       Kipley Olson

     3.       Craig Henry

     4.       Chris Phillips

     5.       Jon Grande

     6.       Ed Fries

     7.       Jason Katz

     8.       Nicolas Gauvin

     9.       Any witness listed as a "will call" witness on Plaintiff's witness list

    10.      Any witness listed as a "may call" witness on Plaintiff's witness list

**C.**    **<u>Witnesses Who May Be Presented By Deposition Testimony At Trial</u>**

     1.       James Aspnes

     2.       Andrew McFadden

     3.       Kevin Smith

     4.       Marc Kwiatkowski

     5.       Jeffrey Rothschild

For the Court's convenience, Microsoft's deposition designations are appended here to as

Exhibit C. The parties will meet and confer regarding their respective objections to deposition

designations.

**H.**    **LIST OF EXHIBITS**

<u>Plaintiff</u>: PalTalk's exhibit list is appended hereto as Exhibit D.

<u>Defendant</u>: Microsoft's exhibit list is appended hereto as Exhibit E.

The parties will meet and confer regarding their respective objections to the submitted exhibits.

884510v1/009389

## I.    JURY INSTRUCTIONS

The parties have prepared proposed jury instructions and verdict forms, attached hereto as Exhibits F-H (PalTalk) and Exhibit I-J (Microsoft). The parties have conferred preliminarily regarding their respective instructions and will continue to do so in an effort to reach agreement on instructions, subsequent to the submission of this order.

## J.    LIST OF ANY PENDING MOTIONS

Plaintiff's Motions:

PalTalk's Motion to Compel Production of Licenses and Data (DKT #163)

Pre-trial Motions in Limine filed by PalTalk in connection with this Joint Pretrial Order.

Defendant's Motions:

Microsoft's Motion for Summary Judgment of Anticipation (DKT #113)

Microsoft's Motion for Partial Summary Judgment with Respect to Willfulness and Inducement  (DKT #121)

Microsoft's Motion for Partial Summary with Respect to Non-Infringement (DKT #120)

Microsoft's Motion to Strike Expert Declaration of Dr. V. Thomas Rhyne (DKT #147)

Microsoft's Motion to Exclude the Proposed Damages Testimony of James J. Nawrocki (DKT #158)

Pre-trial Motions in Limine filed by Microsoft in connection with this Joint Pretrial Order.

## K.    PROBABLE LENGTH OF TRIAL

The parties estimate that trial should last 8-10 court days, including jury selection and instructions.

## L.    MANAGEMENT CONFERENCE LIMITATIONS

None.

## M.     CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and

acknowledge the following:

(2)     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(3)     Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(4)     Each exhibit in the List of Exhibits herein:

(a)     is in existence;
(b)     is numbered; and
(c)     has been disclosed and shown to opposing counsel.


This Joint Pre-Trial Order is hereby approved.


DATED:  February 2, 2009           Respectfully submitted,

                                   SUSMAN GODFREY L.L.P.

                                   By:  /s/ Kalpana Srinivasan_____
                                        Max L. Tribble, Jr.
                                        Lead Attorney
                                        Texas State Bar No.:  20213950
                                        Southern District of Texas Bar No.: 10429
                                        Email:  mtribble@susmangodfrey.com
                                        1000 Louisiana Street, Suite 5100
                                        Houston, Texas 77002-5096
                                        Telephone:  (713) 651-9366
                                        Facsimile:  (713) 654-6666

                                        David C. Marcus
                                        CA State Bar No. 158704
                                        Email:  dmarcus@susmangodfrey.com
                                        Kalpana Srinivasan
                                        CA State Bar No. 237460
                                        Email:  ksrinivasan@susmangodfrey.com
                                        SUSMAN GODFREY L.L.P.
                                        1901 Avenue of the Stars, Suite 950
                                        Los Angeles, CA 90067-6029
                                        Telephone:  (310) 789-3126
                                        Facsimile:  (310) 789-3150

Brooke A.M. Taylor
WA State Bar No. 33190
Email:  btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883

Michael F. Heim
Texas State Bar No.: 09380923
Southern District of Texas Bar No.: 8790
Email: mheim@hpcllp.com
Douglas R. Wilson
Texas State Bar No.: 24037719
Southern District of Texas Bar No.: 16995
Email: dwilson@hpcllp.com
Micah J. Howe
Texas State Bar No.:24048555
E-mail:  mhowe@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Otis W. Carroll, Jr.
State Bar No. 03895700
Email: fedserv@icklaw.com
IRELAND CARROLL & KELLEY, P.C.
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

15

T. John Ward, Jr
LAW OFFICE OF T. JOHN WARD, JR. P.C.
111 W. Tyler Street
Longview, Texas 75601
Phone(903)757-6400
TollFree(866)305-6400
Fax (903) 757-2323
Email:  jw@jwfirm.com

Robert Christopher Bunt
State Bar No. 00787165
Email: rcbunt@pbatyler.com
Robert M. Parker
State Bar No. 15498000
Email: rmparker@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

ATTORNEYS FOR PLAINTIFF
PALTALK HOLDINGS, INC.


Richard A. Cederoth_____

David T. Pritikin
*Admitted Pro Hac Vice*
Email: dpritikin@sidley.com
Richard A. Cederoth
*Admitted Pro Hac Vice*
Email: rcederoth@sidley.com
Thomas D. Rein
*Admitted Pro Hac Vice*
Email: trein@sidley.com
Laura L. Donoghue
*Admitted Pro Hac Vice*
Email: ldonoghue@sidley.com
Nabeel U. Khan
*Admitted Pro Hac Vice*
Email: nkhan@sidley.com
John W. McBride
*Admitted Pro Hac Vice*
Email: jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: 312.853.7000
Fax: 312.853.7036

16

G. William Lavender
Texas State Bar No. 11999590
Email: blav@lavenderlaw.com
Lavender Law
210 N. State Line Ave., Suite 503
Texarkana, AR  71854
Tel: 870.773.3187
Fax: 870.773.3181

Harry Lee Gillam, Jr
Texas State Bar No. 07921800
Email: gil@gillamsmithlaw.com
Melissa Richards Smith
Texas State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257

Stacy Quan
*Admitted Pro Hac Vice*
Email: stacyq@microsoft.com
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399
425/882-8080
Fax: 425/936-7329


ATTORNEYS FOR DEFENDANT
MICROSOFT CORP.

17

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2009, I electronically filed the foregoing document in compliance with Local Rule CV-5a(3). It has been served this day on the counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF System. Any other counsel of record will be served by electronic email, facsimile transmission and/or First Class Mail on this same date.

**Stacy Quan**
stacyq@microsoft.com
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399
(425) 882-8080
Fax: (425) 936-7329

**G. William Lavender**
blav@lavenderlaw.com
Lavender Law
210 N. State Line Ave., Ste. 503
P.O. Box 1938
Texarkana, AR 75504-1938
(870) 773-3187

**Harry L. Gillam, Jr.**
gil@gillamsmithlaw.com
**Melissa R. Smith**
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450

**David T. Pritikin**
dpritikin@sidley.com
**Richard A. Cederoth**
rcederoth@sidley.com
**Thomas D. Rein**
trein@sidley.com
**Laura L. Donoghue**
ldonoghue@sidley.com
**Nabeel U. Khan**
nkhan@sidley.com
**John W. McBride**
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Attorneys for Defendant Microsoft Corp.

By: /s/ Kalpana Srinivasan
      Kalpana Srinivasan

18