IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PALTALK HOLDINGS, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:06-CV-367 (DF) |
| § | |
| **MICROSOFT CORPORATION,** § | |
| § | |
| Defendant. § | |

## SUPPLEMENTAL CLAIM CONSTRUCTION ORDER

Before the Court are PalTalk's Opening Brief on the Existence and Effect of New Claim Construction Issues and Microsoft's Brief Addressing the Construction of "Said Payload Portions." Dkt. Nos. 185 and 186. Also before the Court are the parties' related responses and replies. Dkt. Nos. 192, 193, 199, and 200. After hearing the arguments of counsel and reviewing the relevant pleadings, other papers, and case law, the Court finds that the terms of the patents-in-suit should be construed as set forth herein.

### I. BACKGROUND

Plaintiff PalTalk Holdings, Inc. ("PalTalk") filed this patent infringement action on September 12, 2006. Dkt. No. 1. PalTalk alleges that Microsoft Corporation ("Microsoft") infringes U.S. Patent Nos. 5,822,523 ("the '523 Patent") and 6,226,686 ("the '686 Patent"). *Id.* Both asserted patents have the same title, "Server-group messaging system for interactive applications," and teach a method for managing message flow in interactive computer applications operating over a computer network. PalTalk is asserting a total of eight claims from the two patents: claims 1 and 6 from the '523 Patent, and claims 1, 3, 5, 12, 15, and 18 from the '686 Patent.

During summary judgment proceedings, Microsoft filed a motion in which it alleged that the two accused products, Halo 2 and Halo 3, did not infringe any of the asserted claims. Dkt. No. 120. The briefing attached to this motion revealed that the parties had divergent understandings of the asserted claims. *Compare* Dkt. No. 120 at 9-12 *with* Dkt. No. 140 at 5, 12-13. The parties seemingly disagree on two issues: (1) whether the asserted claims of the '523 and '686 Patents, with the exception of claim 5 of the '686 Patent, require aggregation of the entire payload portion of a received message; and (2) whether claim 5 of the '686 Patent requires that the same message be transmitted to each member of a group.[1]  This Court ordered further briefing on the first issue. Dkt. No. 168. This Court now resolves these disputes as required by *O2 Micro International Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d. 1351 (Fed. Cir. 2008).

## II. LEGAL PRINCIPLES

The Federal Circuit has held that the district court has a duty to resolve fundamental disputes regarding the scope of a claim term. *O2 Micro Int'l*, 521 F.3d at 1362. ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."). While the district court need not construe every limitation in asserted claims, it should do so to resolve "disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *Id.*

To the extent that this Court finds such a fundamental dispute, it applies the principles of claim construction that it outlined in its initial claim construction order. *See* Dkt. No. 107 at 4-5.

---

[1] With the exception of claim 5 of the '686 Patent, the asserted claims require some aggregation of incoming payloads. Accordingly, these claims will be referred to as the "payload aggregation" claims. Claim 5 of the '686 Patent requires a form of echo suppression. Accordingly, claim 5 will be referred to as a "echo suppression" claim.

### III.  PARTIES' POSITIONS AND DISCUSSION

As mentioned above, two issues are currently before this Court: (1) whether the "payload aggregation" claims require aggregation of the entire payload portion of a received message; and (2) whether the "echo suppression" claims require that the same message be transmitted to each member of a group

### 1.  Payload Aggregation

Most of the asserted claims in the '523 and '686 Patent require that a group message server ("GMS") aggregate payloads of data sent to it from a plurality of host computers.  Microsoft contends that the claims require aggregation of the entire received payload.  Dkt. No. 120 at 9-11. Because the Halo software always "consumes" some portion of the received payload data, Microsoft argues that Halo cannot aggregate the entire payload.  *Id.*

As a representative example, claim 1 of the '523 Patent claims a method comprising the steps of sending messages "containing a payload portion" to a server and "aggregating, by said server in a time interval determined in accordance with a predefined criterion, said payload potions of said messages."  '523 Patent, 28:15-22.  During claim construction, this Court construed the terms of this claim as set out in the table below.

| Term | Construction |
|---|---|
| payload | The part of a message that contains data item(s) conveying information.[2] |
| aggregating / aggregated | To collect two or more data items together as a unit, however, where each data item retains its identity and may be extracted from the unit. |
| aggregating, by said server in a time interval determined in accordance with a predefined criterion, said payload portions of said messages to create an aggregated payload | The group messaging server forms an aggregated payload by aggregating the payloads of all the claimed messages it receives from the claimed plurality of host computers within a certain time period.  The payloads may be aggregated in any order and the time period is certain in that it must arise from criteria specified prior to the beginning of the time interval. |

Dkt. No. 107 at 12-28.  The Court, however, decided that a separate construction for "aggregating said payload portions" was unnecessary given the constructions above.  *Id.* at 29.

Microsoft now asks this Court to construe "said payload portions" to mean "the entire payload portions of the claimed messages."  Dkt. No. 186 at 9.  In support of this position, Microsoft focuses on the use of the definite article in the constructions above.  *Id.* at 4.  In addition, Microsoft contends that the claim language itself requires that the entire payload be aggregated.  *Id.* at 5 ("It is clear from the claim language structure, and syntax that the antecedent reference [of said payload portion] in each claim is the payload portion of the incoming message.").  Microsoft also focuses on a portion of the specification in which a payload with "a single payload item" is described.  *Id.* at 6-7 (citing '686 Patent, 20:11-12, 14:46-47, 20:26-27, 23:52-55, and 24:10-11).  Finally, Microsoft provides extrinsic evidence to support its position.  *Id.* at 7-9.

In response, PalTalk contends that this Court's initial claim construction resolved this issue and that no further construction is necessary.  Dkt. No. 185 at 2-4.  In particular, Microsoft argued

---

[2] The construction for "payload" was not disputed during claim construction because the parties agreed to this construction.

during claim construction that the GMS could not alter the incoming payload portion; instead it could only accumulate "the complete and intact payloads and place[] those payloads—unchanged and unprocessed—into the aggregated payload." Dkt. No. 80 at 14.  Rather than adopting Microsoft's position, this Court agreed with PalTalk that the specification supported "changed" payloads. Dkt. No. 107 at 14. In doing so, this Court found that the patent "clearly teaches alteration to the payloads in that it expressly suggests processing 'the contents of the messages that are received.'" *Id.* (citing '523, 27:22-24).

In the alternative, PalTalk contends that the open-ended nature of the claims (the use of "comprising" and "contains") compels a non-restrictive reading of the patents. Dkt. No. 192 at 5-6. Furthermore, PalTalk focuses on portions of the specification describing a payload that contains a series of "payload elements." Dkt. No. 185 at 6-8. PalTalk contends that neither the specification or the claim language forecloses the possibility that one payload element within a larger payload portion may be aggregated while another payload element is not. *Id.*  Finally, PalTalk contends certain data items within the payload are never aggregated, even when the payload consists of only one payload element. Dkt. No. 200 at 4-5 (citing '523 Patent, 20:9-11, 20:26-29, 23:53-55).

This Court agrees with PalTalk.  First, Microsoft made similar arguments to this Court during claim construction.  Those arguments were rejected and Microsoft should not be allowed another bite at the apple.  Second, this Court finds no support in the claim language or the specification for Microsoft's proposed limitation.  The patent claims at issue nowhere require that the entire payload portion be aggregated—words of degree are absent from the claims' reference to payload portions and this Court find no reason to insert such limitations into the claims.  In addition,

this Court finds no support in the specification for the proposition that all payload elements, much less all data items, must be aggregated.

The patents clearly teach that some data items within a payload may never be aggregated into an outgoing message. The specification discusses a preferred embodiment in which the payload contains only one payload element. '523 Patent, 14:25-51; 20:4-14. This preferred embodiment does not foreclose the possibility that a payload portion could have multiple payload elements, each containing numerous data items. Nevertheless, this particular embodiment contains only one payload element consisting of four data items, numbered 116, 117, 118, and 119. *Id.* While the patent teaches that 117, 118, and 119 are aggregated, data item 116 is not aggregated in this embodiment. *Id.* at 20:26-29 ("The ULP server process 140 will extract a single payload item from the message 117, 118 and 119 and place the payload item in each of the message queues 143."). Because data item 116 is not aggregated, a construction that requires aggregation of the entire payload would vitiate this preferred embodiment. Such a result is not proper. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (An interpretation that excludes a preferred embodiment disclosed in the specification is "rarely, if ever, correct.").

After reviewing the constructions quoted in the table above, however, this Court finds that the third construction does not fully conform to this Court's other two constructions. Specifically, the construction for "aggregating, by said server . . . said payload portion" references the full payload, while the constructions for "aggregate" and "payload portion" reference the payload's constituent data items. This inconsistency could lead to jury confusion. Therefore, this Court believes that the construction for "aggregating, by said server . . . said payload portion" should be revised to conform to the opinions within this order and to reduce potential jury confusion.

Accordingly, this Court re-construes "aggregating, by said server in a time interval determined in accordance with a predefined criterion, said payload portions of said messages to create an aggregated payload" to mean "the group messaging server forms an aggregated payload by aggregating at least one data item from the payloads of all the claimed messages it receives from the claimed plurality of host computers within a certain time period. The data items may be aggregated in any order and the time period is certain in that it must arise from criteria specified prior to the beginning of the time interval."

This Court finds that no further constructions are necessary. To the extent that a fundamental dispute regarding claim scope exists, it has been resolved by this order and the Court's initial claim construction.

**2. Echo Suppression**

Claim 5 of the '686 Patent stands alone in that it does not require payload aggregation. Instead, claim 5 requires the formation of a message from a received payload followed by the transmission of that message. This message is transmitted to one or more members of a group, with the exception of the group member from which the original payload was received. This is known as "echo suppression."

Microsoft contends that claim 5 requires that the server transmit the *same* message to each member of a group; a requirement that Microsoft asserts is not present in Halo's operation. Dkt. No. 120 at 12-15. The Court rejects this position. In its Claim Construction Order, the Court construed the claimed "server message" to mean "a message formed by a server for delivery to *one or more* group members." Dkt. No. 107 at 38 (emphasis added). Microsoft's position would redefine this term to mean "a message formed by a server for delivery to *all* group members." The plain language

of this Court's construction, however, allows for an embodiment in which a server message is sent to *one* group member. This means that another server message could be sent to separate group member. This reading is supported by the '686 Patent specification. Specifically, this reading is supported by Figure 7, in which individually tailored messages are sent to four different host computers—styled 100, 101, 102, and 103. Moreover, this Court has recognized that Figure 7 in the '686 Patent depicts the claimed echo suppression. Dkt. No. 107 at 35. Because Figure 7 depicts server messages of varying content being sent to different host computers, Microsoft's position would vitiate the preferred embodiment depicted therein. Such a result is improper in this case. *See Vitrionics*, 90 F.3d at 1583.

In sum, this Court finds that claim 5 does not require that the server send the same message to each host computer.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby construes "aggregating, by said server in a time interval determined in accordance with a predefined criterion, said payload portions of said messages to create an aggregated payload" to mean "the group messaging server forms an aggregated payload by aggregating at least one data item from the payloads of all the claimed messages it receives from the claimed plurality of host computers within a certain time period. The data items may be aggregated in any order and the time period is certain in that it must arise from criteria specified prior to the beginning of the time interval." All other constructions shall remain the same. In addition, the parties will be precluded from presenting any argument or testimony at trial that is inconsistent with the above findings or this Court's claim constructions.

**SIGNED this 20th day of February, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE